UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES EDWIN ROBINSON,

                Plaintiff,

    -vs-                          **No. 1:16-CV-00648 (MAT)**
                                                **DECISION AND ORDER**
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

---

## I. Introduction

Represented by counsel, plaintiff James Edwin Robinson ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of defendant the Acting Commissioner of Social Security (the "Commissioner" or "Defendant") denying his application for supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is denied and the Commissioner's motion is granted.

## II. Procedural History

Plaintiff filed an application for SSI on December 28, 2012, alleging disability as of December 1, 2012 due to back injury, knee injury, high blood pressure, and asthma. Administrative Transcript ("T.") 58. Plaintiff's application was initially denied. T. 71-74. At Plaintiff's request, a hearing was held before

administrative law judge ("ALJ") William Weir on September 22, 2015, at which Plaintiff appeared with his representative. T. 34-56. On March 12, 2015, the ALJ issued an unfavorable decision. T. 17-33. On June 16, 2016, the Appeals Council denied Plaintiff's request for review, making the ALJ's determination the Commissioner's final decision. T. 8-14. This action followed.

**III. The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one of the five-step sequential evaluation, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 28, 2012, the date of his application. T. 22.

At step two, the ALJ found that Plaintiff suffered from the severe impairments of hypertension, major depressive disorder, substance abuse in apparent current remission, obesity, and degenerative joint disease of the knee. *Id*. The ALJ further found that Plaintiff's claimed back problems and asthma were not severe impairments. *Id*.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. *Id.* The ALJ particularly considered Listings 1.02, 4.00H1, 12.04, and 12.09 in reaching this conclusion. T. 22-23.

Before proceeding to step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b), with the following additional limitations: must have the option to sit or stand every half-hour; cannot work in an environment with pulmonary irritants such as gases, dust, or fumes above OSHA standards; and can perform the ordinary tasks associated with unskilled work. T. 24.

At step four, the ALJ found that Plaintiff had no past relevant work. T. 29. At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of stock checker and cafeteria attendant. T. 29-30. Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. T. 30.

**IV. Discussion**

**A. Scope of Review**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).

"Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation omitted). Although the reviewing court must scrutinize the whole record and examine evidence that supports or detracts from both sides, *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted), "[i]f there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

In this case, Plaintiff argues that remand of this matter for further administrative proceedings is required because (1) the ALJ's mental RFC findings were not supported by substantial evidence, (2) the Appeals Council failed to properly consider an RFC questionnaire completed by registered nurse ("RN") Alyssa Sullivan on May 13, 2015, and (3) the ALJ improperly assessed Plaintiff's credibility. The Court has considered these arguments and, for the reasons set forth below, finds them without merit.

**B. Mental RFC Findings**

With respect to the ALJ's mental RFC findings, Plaintiff contends that the ALJ erroneously failed to consider the opinion of state agency reviewing psychologist Dr. J. Echevarria and instead

4

relied on his own lay opinion in failing to limit Plaintiff to a low stress, low contact work environment. The Court finds, for the reasons set forth below, that Plaintiff has not shown that remand for additional consideration of Plaintiff's mental impairments is required.

Dr. Echevarria reviewed the medical evidence of record on April 10, 2013, but did not personally examine Plaintiff. T. 61-67. Dr. Echevarria opined that Plaintiff suffered from an affective disorder, anxiety, and substance addiction. T. 62. He indicated that Plaintiff had moderate restrictions in his activities of daily living, moderate difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence, or pace. *Id*. Dr. Echevarria went on to specifically opine that Plaintiff was not significantly limited in his ability to remember locations and-work like procedures or to understand and remember very short and simple instructions, but was moderately limited in his ability to understand and remember detailed instructions. T. 65. Dr. Echevarria stated that "[o]verall, there are moderate limitations in the MRFC," but that "[t]he evidence in the file supports the ability to function in a low stress and low contact environment." T. 67.

The Commissioner acknowledges that the ALJ failed to expressly discuss Dr. Echevarria's opinion in his decision, but contends that the error was harmless. The Court agrees.

5

As a threshold matter, the Court notes that Dr. Echevarria merely reviewed Plaintiff's medical record and did not treat or even examine him. Particularly with regard to psychiatric conditions, the opinion of a non-treating, non-examining physician is of limited value, because "the inherent subjectivity of a psychiatric diagnosis requires the physician rendering the diagnosis to personally observe the patient." *Velazquez v. Barnhart*, 518 F. Supp. 2d 520, 524 (W.D.N.Y. 2007). Accordingly, the ALJ was not required to afford any particular deference or weight to Dr. Echevarria's opinion.

Moreover, the ALJ's RFC finding was largely consistent with Dr. Echevarria's opinion. In particular, Dr. Echevarria's opinion that Plaintiff was limited to low stress work and had moderate limitations in maintaining concentration, persistence, or pace is accounted for in the ALJ's limitation to unskilled work. *See Tatelman v. Colvin*, 296 F. Supp. 3d 608, 613 (W.D.N.Y. 2017) ("it is well-settled that a limitation to unskilled work . . . sufficiently accounts for limitations relating to stress and production pace"); *see also Colon-Torres v. Colvin*, No. 6:12-CV-1591 GLS, 2014 WL 296845, at *4 (N.D.N.Y. Jan. 27, 2014) ("district courts in this Circuit have held that limiting a claimant to low stress environments would not prevent them from performing unskilled work"). There is simply no basis for Plaintiff's assertion that the ALJ relied on his lay opinion to reject Dr. Echevarria's (or consultative examiner Dr. Rachel

6

Hill's) opinion that Plaintiff had limitations in dealing with stress, or Dr. Echevarria's opinion that Plaintiff had moderate limitations in concentration, persistence, and pace. To the contrary, the ALJ expressly found that Plaintiff that moderate difficulties with concentration, persistence, and pace, but was nevertheless capable of performing unskilled work. T. 23. Similarly, the ALJ expressly noted that Dr. Hill had indicated Plaintiff had "difficulties dealing with stress," and found that her opinion was consistent with Plaintiff's ability to perform unskilled tasks. T. 27. It is clear from the ALJ's decision that he did not ignore or reject the medical evidence regarding Plaintiff's stress tolerance and ability to maintain concentration, persistence and pace, but instead considered it, and accounted for Plaintiff's limitations by limiting him to unskilled work.

The only aspect of Dr. Echevarria's opinion that the ALJ arguably failed to include in his RFC finding is the limitation to a "low contact" environment. However, the inclusion of such a limitation would not have changed the outcome in this matter. The representative occupations identified by the VE in this case (namely, stock checker and cafeteria attendant) do not require more than occasional, brief contact with others. *See, e.g., Seamon v. Astrue*, 364 F. App'x 243, 249 (7th Cir. 2010) (the position of cafeteria attendant requires only "brief contact with others"); *Carrozza v. Comm'r of The Soc. Sec. Admin.*, No. CV 15-4737, 2016 WL 3901010, at *3 (E.D. Pa. July 19, 2016) ("[T]he 'cafeteria attendant' position in the DOT does not require more than

7

occasional interaction with people."); *Lester v. Astrue*, No. 6:10-CV-00182-SI, 2011 WL 6013842, at *9 (D. Or. Dec. 2, 2011) ("The DOT . . . describes the personal interaction required for [the] job [of stock checker] as 'not significant,' and its narrative of job duties does not specify any direct contact with customers."). Dr. Echevarria's assessment of moderate limitations in Plaintiff's ability to interact with the general public therefore would not prohibit Plaintiff from engaging in these occupations. Remand is accordingly not warranted on this basis. *See Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010)("Remand is unnecessary . . . [w]here application of the correct legal standard could lead to only one conclusion.") (internal quotation omitted and alteration in original).

### C. Consideration of RN Sullivan's Opinion

Plaintiff next contends that the Appeals Council failed to properly consider RN Sullivan's opinion, which was completed approximately two months <u>after</u> the ALJ issued his decision and submitted to the Appeals Council on July 17, 2015.

RN Sullivan, an employee of Horizon Health Services, completed a Mental Residual Functional Capacity Questionnaire related to Plaintiff on May 13, 2015 . T. 373-78. RN Sullivan indicated that Plaintiff had been "successfully discharged from the program" in February 2015, but had subsequently returned in March 2015, because he was having trouble coping with his depression and life stresses. T. 373. Plaintiff was not taking any psychotropic medication at the time RN Sullivan completed the questionnaire. *Id*. When asked

8

to describe the "clinical findings including results of mental status examination that demonstrate the severity of your patient's mental impairment and symptoms," RN Sullivan noted only that Plaintiff "reports suffering from moderate/severe depression" with "some auditory and visual hallucinations during times of distress." *Id.* RN Sullivan indicated that Plaintiff might be able to manage his symptoms "through the use of increased coping skills and medication." *Id.* Throughout the questionnaire, when asked to provide "medical/clinical findings" to support her assessed limitations, RN Sullivan provided only Plaintiff's own report of his symptoms. T. 375-77. RN Sullivan ultimately opined that Plaintiff was unable to engage in full-time competitive employment on a sustained basis. T. 381.

In its decision denying Plaintiff's request for review, the Appeals Council stated that it had considered RN Sullivan's opinion and concluded that it did not "provide a basis for changing the Administrative Law Judge's opinion." T. 9. Plaintiff contends that the Appeals Council was required to explicitly consider RN Sullivan's opinion and to provide "good reasons" for having rejected it. The Court disagrees.

As a threshold matter, it is not clear from the face of RN Sullivan's opinion that it is related to Plaintiff's functioning during the time period considered by the ALJ. The ALJ entered his decision on March 12, 2015. RN Sullivan did not complete the questionnaire until May 13, 2015, two months later. Moreover, RN Sullivan indicated that Plaintiff had been "successfully

9

discharged" from Horizon Health Services' program in February 2015, but had returned in March 2015, due to increased difficulty handling his depression. T. 373. It thus appears that Plaintiff's mental health began deteriorating in March 2015, the same month the ALJ issue his decision. Moreover, the actual opinion itself sets forth Plaintiff's capacity as of May 2015, with no indication that Plaintiff's condition had remained static over time. "While the existence of a pre-existing disability can be proven by a retrospective opinion, such an opinion must refer clearly to the relevant period of disability and not simply express an opinion as to the claimant's current status." *Vitale v. Apfel*, 49 F. Supp.2d 137, 142 (E.D.N.Y. 1999). Here, RN Sullivan's opinion does not "clearly" indicate that it is related to Plaintiff's condition prior to March 12, 2015, and so the Appeals Council did not err in concluding that it would not have changed the ALJ's decision.

Moreover, even assuming that RN Sullivan's opinion was meant to apply retrospectively, Plaintiff has failed to show that the ALJ erred in its assessment. A claimant may submit new evidence to the Appeals Council following an adverse ALJ disability determination without any showing of good cause. 20 C.F.R. §§ 404.970(b), 416.1470(b). The regulations provide that the Appeals Council "shall" consider "new" and "material" evidence that relates to the period on or before the date of the ALJ hearing decision. 20 C.F.R. §§ 404.970(b), 416.1470(b). A claimant must show that the proffered evidence is (1) "'new' and not merely cumulative of what is already in the record," and that it is (2) "material, that is, both

relevant to the claimant's condition during the time period for which benefits were denied and probative." *Lisa v. Sec'y of Health & Human Servs.*, 940 F.2d 40, 43 (2d Cir. 1991) (internal citations omitted). "The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently." *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004) (citing *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988)).

In this case, the Appeals Council properly found that RN Sullivan's opinion was not material, inasmuch as there was no reasonable possibility that it would have changed the outcome of the ALJ's decision. First, RN Sullivan is not an acceptable medical source under the Commissioner's regulations, but is an "other source," whose opinion is entitled to no particular weight or deference. Second, RN Sullivan's opinion appears to be based entirely on Plaintiff's self-report and not on any medical or clinical findings. A claimant's subjective complaints are not transformed into relevant medical opinion simply because they are recorded by a treatment provider. *See Polynice v. Colvin*, 576 F. App'x 28, 31 (2d Cir. 2014). This is particularly true where, as in this case, the ALJ has appropriately found that the claimant is not credible. *See Roma v. Astrue*, 468 F. App'x 16, 19 (2d Cir. 2012); *see also Harris v. Astrue*, No. 10 CIV. 6837 GBD THK, 2012 WL 995269, at *3 (S.D.N.Y. Mar. 26, 2012) (treatment provider's opinion properly discounted where it is "based primarily on Plaintiff's unreliable self-reported symptoms").

Third, RN Sullivan's opinion is unsupported by the treatment records and medical evidence from the relevant time period. To the contrary, Plaintiff's records from Horizon Health Services indicate that a mental status examination performed on April 4, 2013, showed that Plaintiff's behavior was appropriate, his speech was normal in amount and clarity, his thought processes were goal-directed, he had no delusions, his judgment, concentration, and insight were fair, his orientation was normal, and his memory was intact. T. 267. Similarly, on April 20, 2013, Plaintiff's behavior and affect were appropriate, his speech was normal in rate, tone, amount, and clarity, his thought processes were logical and goal-directed, he had no delusions and normal perceptions, his judgment, concentration, and insight were fair, his orientation was normal, and his memory was intact. T. 273. Similar observations were made on May 29, 2013 (T. 279), July 23, 2013 (T. 288), and September 17, 2013 (T. 291-92). These largely normal findings are not consistent with the severe restrictions set forth in RN Sullivan's opinion, nor did RN Sullivan identify any medical evidence to support her conclusions. Under these circumstances, the Appeals Council did not err in concluding that RN Sullivan's opinion was not material. Accordingly, it was not required to expressly weigh the opinion or to articulate "good reasons" for its assessment thereof.

D. **Assessment of Plaintiff's Credibility**

Plaintiff's final argument is that the ALJ failed to properly assess his credibility. Again, the Court finds this argument without merit.

12

In assessing a claimant's credibility, an ALJ is instructed to consider whether his subjective claims of pain are "consistent with the medical and other objective evidence." *Wells v. Colvin*, 87 F. Supp. 3d 421, 431 (W.D.N.Y. 2015). "The ALJ's decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the [ALJ] gave to the individual's statements and the reasons for that weight." *Cichocki v. Astrue*, 534 F. App'x 71, 76 (2d Cir. 2013) (internal quotation omitted). An ALJ is entitled to great deference when making credibility findings and can only be reversed if those findings are patently unreasonable. *Andrisani v. Colvin*, No. 1:16-CV-00196 (MAT), 2017 WL 2274239, at *3 (W.D.N.Y. May 24, 2017). "Because the ALJ has the benefit of directly observing a claimant's demeanor and other indicia of credibility, his decision to discredit subjective testimony is entitled to deference and may not be disturbed on review if his disability determination is supported by substantial evidence." *Hargrave v. Colvin*, No. 13-CV-6308(MAT), 2014 WL 3572427, at *5 (W.D.N.Y. July 21, 2014) (internal quotation omitted).

In this case, the ALJ found that Plaintiff's subjective complaints were less than fully credible because (1) Plaintiff had been inconsistent in his statements to his treatment providers regarding his education, variously claiming to have finished only the fifth, sixth, ninth, and tenth grades, and had claimed that his last drug use was in December 1995 when he had previously admitted

13

to using Ecstasy in 2012 and had gone through chemical dependence treatment that same year, (2) Plaintiff's claim that he suffered from knee and back problems was unsupported by the medical record, inasmuch as "diagnostic testing" was "negative in every instance" (T. 26), (3) Plaintiff's treatment had been conservative, and his providers had recommended that he engage in extensive workouts several times per week, (4) Plaintiff continued to smoke cigarettes in spite of his claimed lung problems, and (4) Plaintiff's vague claims of auditory hallucinations were not consistent with the medical record.

The Court finds no basis for remand in the ALJ's assessment of Plaintiff's credibility. First, the ALJ appropriately relied on inconsistent statements by Plaintiff to determine that he was less than fully credible. *See, e.g., Rock v. Colvin*, 628 F. App'x 1, 3 (2d Cir. 2015) (inconsistencies between claimant's allegations at hearing and prior statements supported adverse credibility finding); *Harris*, 2012 WL 995269 at *2 (inconsistencies in a claimant's testimony "provide substantial evidence supporting the ALJ's credibility determination").

Moreover, conflicts between a claimant's testimony and the objective medical evidence of record are properly considered in assessing credibility. *See Rock*, 628 F. App'x at 3. In this case, the ALJ correctly observed that although Plaintiff claimed to suffer from knee and back injuries, there was no diagnostic or other objective evidence that supported those claims. To the

contrary, x-rays performed on May 12, 2013 showed a "normal lumbar spine" and a "normal right knee." T 256.

The ALJ also did not err in noting that Plaintiff's treatment was conservative. A conservative pattern of treatment is an appropriate factor to consider in assessing credibility. *See, e.g., Rivera v. Colvin*, No. 1:14-CV-00816 MAT, 2015 WL 6142860, at *6 (W.D.N.Y. Oct. 19, 2015) ("[T]he ALJ was entitled to consider evidence that [the claimant] pursued a conservative treatment as one factor in determining credibility[.]")(citation omitted); *Amoroso v. Colvin*, No. 13-CV-5115 SJF, 2015 WL 5794226, at *10 (E.D.N.Y. Sept. 30, 2015) (ALJ "properly considered [claimant's] daily activities ... and her 'conservative' treatment ... which both suggest that she is capable of performing sedentary work"). In this case, not only did Plaintiff's treating physicians provide only conservative treatment, they also affirmatively encouraged him to engage in extensive exercise, a recommendation that is incompatible with Plaintiff's claims of disabling knee and back conditions. *See* T. 341.

The ALJ also appropriately found that Plaintiff's vague allegations of auditory hallucinations were not credible. As the ALJ noted, Plaintiff's own mental health counselor observed that she suspected Plaintiff was potentially "malingering or . . . trying to garner sympathy." T. 217.

Finally, the Court acknowledges that the addictive nature of nicotine may cause an individual to keep smoking even against a doctor's advice. However, even if it was error for the ALJ to

15

consider Plaintiff's failure to cease smoking in considering Plaintiff's credibility, such error was harmless in light of the numerous other well-supported reasons (set forth in detail above) that the ALJ articulated for finding Plaintiff less than fully credible.

In sum, the Court finds that the ALJ adequately identified and explained his reasons for finding Plaintiff less than fully credible. The Court therefore finds no basis to disturb the Commissioner's denial of Plaintiff's claim.

**V. Conclusion**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 14) is denied. The Commissioner's motion for judgment on the pleadings (Docket No. 17) is granted. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                    **S/Michael A. Telesca**

                                    HON. MICHAEL A. TELESCA
                                    United States District Judge

Dated:    July 26, 2018
            Rochester, New York.